**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Angel Lozada,<br>Individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>  -v-<br><br>Island Master Locksmith Inc.,<br><br>           Defendant. | CV 12   Civ. Action #: 4827<br><br><br>**COMPLAINT**<br>**(Collective & Class Action)**<br><br>**Date Filed:**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Angel Lozada, on behalf of himself, and all others similarly situated, by Abdul K. Hassan, his attorney, complaining of the Defendant Island Master Locksmith Inc., ("Defendant," or "Island Master") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the defendant as locksmiths or in similar positions, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for defendant as locksmits or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations

1

thereunder – 12 NYCRR § 142-2.2.

3.  Plaintiff complains on behalf of himself and a class of other similarly situated current and former employees who worked for defendant as locksmiths or in similar positions, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to recover unlawful deductions from their wages, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202

## THE PARTIES

7.  Plaintiff Angel Lozada ("Plaintiff" or "Lozada") is a resident of Bronx County in the State of New York.

8.  Upon information and belief, defendant Isand Master Locksmith Inc., ("defendant" or "Isand Master") is a domestic NY business corporation.

9.  Upon information and belief, defendant Island Master Locksmith Inc. is organized and existing under the laws of the State of New York and duly authorized to do business in New York.

2

10. Upon information and belief, Steadman Parking maintains offices within the State of New York at 77 North Broadway, Hicksville, NY 11801.

11. Upon information and belief, and at all times relevant herein, Island Master Locksmith Inc. operates and provides services throughout New York City.

12. Upon information and belief and at all times relevant herein, Defendant Island Master Locksmith Inc. has over 100 employees.

13. Upon information and belief, and at all times relevant herein, defendant was involved in the business of providing a variety of locksmith services to their customers.

14. Upon information and belief and at all times relevant herein, defendant had annual revenues from its operations of more than five hundred thousand dollars.

15. All times applicable or relevant herein as to the FLSA overtime claim refers to at least the two-year and three-year period preceding the filing of this complaint but this period may be longer.

16. All times applicable or relevant herein as to the NYLL overtime claim refers to at least the six-year period preceding the filing of this complaint but this period may be longer.

17. Upon information and belief and at all times applicable herein, Defendant did not display the required FLSA and NYLL posters of employee wage rights as was required by the FSLA and NYLL and the regulations thereunder.

18. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

19. "Plaintiff" as used in this complaint refers to the named Plaintiff, except, that as to the class and collective action allegations under New York Labor Law and the FLSA respectively, "Plaintiff" refers to the named Plaintiff as well as those similarly situated as putative class members as further defined below.

20. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

21. Upon information and belief, and at all times relevant herein defendant is in the Locksmith business proving such services to their clients throughout the New York metropolitan area.

22. Upon information and belief, Plaintiff Angel Lozada was employed by Defendant from 2005 to September 2012.

23. Plaintiff was employed by Defendant as a Locksmith.

24. At all times relevant herein, Plaintiff was employed by Defendant as an hourly employee.

25. At all time relevant herein, in performing his job for defendants, plaintiff , like the other locksmiths employed by defendant, would drive in defendant's vehicle to the client's location to perform his locksmith work. On occasion, the truck would be issued parking tickets while plaintiff is performing work on behalf of defendant.

26. Defendant had a policy and practice of deducting parking tickets and fines and similar charges from the wages of plaintiff and those of the putative class members.

27. The improper deduction for parking fines etc., improperly resulted in the underpayment of overtime wages under the FLSA and NYLL.

28. At all relevant times herein and for the time Plaintiff was employed by Defendant, he worked

more than forty (40) hours in a week for some or all weeks.

29. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

**30. For a period of time, plaintiff was paid at his straight hourly rate for overtime hours and for another period plaintiff was paid overtime wages at 1.5 time his regular rate but this amount was improperly reduced by the deductions for parking fine etc., thus resulting in overtime being paid at less than 1.5 times the regular rate.**

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

31. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 30 above as if set forth fully and at length herein.

32. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

33. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

34. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former hourly employees of Defendant who worked for defendant as locksmits or in similar positions and who: 1) worked more than forty hours in a week, within at least the three year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

35. The class should include but is not limited to employees of defendant who were paid for

overtime hours at their straight regular rate and/or were paid at 1.5 times their regular rate but were subject to deductions from their wages for things such as parking fines, etc., thus resulting in payment for overtime wages at less than 1.5 times the regular rate.

36. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over one hundred members of the class during the class period.

37. The class definition will be refined as is necessary, including after discovery if necessary.

38. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

39. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

40. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

41. **At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.**

## Relief Demanded

42. Due to Defendant's FLSA violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, <u>an additional equal</u>

amount of unpaid overtime (maximum) as liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)

43. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 42 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

44. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

45. The class of similarly situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendant who worked for defendant as locksmits or in similar positions and who: 1) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

46. The class should include but is not limited to employees of defendant who were paid for overtime hours at their straight regular rate and/or were paid at 1.5 times their regular rate but were subject to deductions from their wages for things such as parking fines, etc., thus resulting in payment for overtime wages at less than 1.5 times their regular rate.

47. The class definition will be refined as is necessary, including after discovery if necessary.

48. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over hundred members of the class during the class period.

49. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

50. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours worked in excess of forty in a week.

51. Upon information and belief, the claims of the representative party are typical of the claims of the class.

52. The representative party will fairly and adequately protect the interests of the class.

53. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

54. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a)   Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

55. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

56. At all times relevant to this action, Plaintiff and all those similarly situated as class members,

were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

57. **At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly situated as class members, overtime compensation at rates not less than one and one-half times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.**

### Relief Demanded

58. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663.

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL 193, 198 (Unlawful deductions)

59. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 58 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

60. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

61. The class of similarly situated individuals as to the overtime cause of action under the NYLL 193 is defined as current and former hourly employees of Defendant who worked for defendant as locksmits or in similar positions and who: 1) suffered wage deductions by defendant in the form of parking fines etc., within at least the six-year period, preceding the filing of this complaint.

62. The class definition will be refined as is necessary, including after discovery if necessary.

63. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over one hundred members of the class during the class period.

64. Upon information and belief the putative class is so numerous that joinder of all members is impracticable.

65. Upon information and belief, there are questions of law or fact common to the class – whether, Defendant made improper deductions from the wages of Plaintiff and the putative class members in the form of parking fines etc., in violation of NYLL 193.

66. Upon information and belief, the claims of the representative party are typical of the claims of the class.

67. The representative party will fairly and adequately protect the interests of the class.

68. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

69. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (b)   Whether, Defendant made improper deductions from the wages of Plaintiff and the putative class members in the form of parking fines etc., in violation of NYLL 193.

70. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual

Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants and in light of the large number of putative class members.

71. At all times relevant to this action, Plaintiff and all those similarly situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2, 190, 193 and 198 and the regulations thereunder.

**72. At all times relevant herein, Defendant made and willfully made improper deductions from the wages of plaintiff and all those similarly situated as class members, in violation of NYLL 193.**

<u>**Relief Demanded**</u>

73. Due to Defendant's NYLL 193 violations, Plaintiff, and all those similarly similarly-situated, are entitled to recover from Defendant, the amount of all unlawful wage deductions, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 198.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

74. Declare Defendant (including its overtime and wage payment policy and practice as well as its wage deduction policy and practice) to be in violation of the rights of Plaintiff and those similarly situated, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL, including NYLL § 193.

75. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

76. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

77. As to the **Third Cause of Action**, award Plaintiff and those similarly situated as class members, the amount of all unlawful wage deductions, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 193, 198;

78. Award Plaintiff, and all others similarly situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

79. Award Plaintiff and all those similarly situated such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
       September 27, 2012

Respectfully submitted,

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
Counsel for Plaintiffs

12