UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGEL LOZADA, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>ISLAND MASTER LOCKSMITH, INC.,<br><br>Defendant. | Case No.: 12 CIV 4827<br><br>ECF CASE<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES** |

Defendant Island Master Locksmith, Inc. ("Defendant"), by and through its attorneys, hereby answers Plaintiff Angel Lozada's Collective and Class Action Complaint ("Complaint") by admitting, denying and alleging as follows:

### AS AND FOR "NATURE OF ACTION"

1. Defendant denies the allegations set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein.

2. Defendant denies the allegations set forth in Paragraph "2" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein.

3. Defendant denies the allegations set forth in Paragraph "3" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to Fed. R. Civ. P. 23 and the statute(s) set forth therein.

### AS AND FOR "JURISDICTION AND VENUE"

4. Paragraph "4" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "4" of the Complaint, except admits that Plaintiff purports to invoke the jurisdiction of the Court as set forth in this Paragraph.

1

5. Paragraph "5" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "5" of the Complaint, except admits that Plaintiff purports to lay venue as set forth in this Paragraph.

6. Paragraph "6" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "6" of the Complaint.

## AS AND FOR "THE PARTIES"

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "7" of the Complaint.

8. Defendant admits the allegations set forth in Paragraph "8" of the Complaint.

9. Defendant admits the allegations set forth in Paragraph "9" of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "10" of the Complaint.

11. Defendant admits the allegations set forth in Paragraph "11" of the Complaint.

12. Defendant denies the allegations set forth in Paragraph "12" of the Complaint.

13. Defendant admits the allegations set forth in Paragraph "13" of the Complaint.

14. Defendant admits the allegations set forth in Paragraph "14" of the Complaint.

15. Paragraph "15" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "15" of the Complaint.

16. Paragraph "16" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "16" of the Complaint.

17. Defendant denies the allegations set forth in Paragraph "17" of the Complaint.

18. Paragraph "18" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "18" of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "19" of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "20" of the Complaint.

## AS AND FOR "STATEMENT OF FACTS"

21. Defendant admits the allegations set forth in Paragraph "21" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all times relevant herein."

22. Defendant denies the allegations set forth in Paragraph "22" of the Complaint.

23. Defendant denies the allegations set forth in Paragraph "23" of the Complaint, and avers that Plaintiff was employed as a Locksmith/Door Mechanic.

24. Defendant admits the allegations set forth in Paragraph "24" of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint.

26. Defendant denies the allegations set forth in Paragraph "26" of the Complaint.

27. Defendant denies the allegations set forth in Paragraph "27" of the Complaint.

3

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "28" of the Complaint, except admits that Plaintiff sometimes worked more than 40 hours in a workweek.

29. Defendant denies the allegations set forth in Paragraph "29" of the Complaint.

30. Defendant denies the allegations set forth in Paragraph "30" of the Complaint.

### AS AND FOR "A FIRST CAUSE OF ACTION
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq."

31. Paragraph "31" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "31" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all others similarly situated."

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "32" of the Complaint.

33. Paragraph "33" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "33" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all others who are/were similarly situated."

34. Defendant denies the allegations set forth in Paragraph "34" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[t]he class of similarly situated individuals."

35. Defendant denies the allegations set forth in Paragraph "35" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[t]he class."

36. Defendant denies the allegations set forth in Paragraph "36" of the Complaint.

37. Defendant denies the allegations set forth in Paragraph "37" of the Complaint.

38. Paragraph "38" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "38" of the Complaint, except admits that Plaintiff was employed by Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all those similarly-situated."

39. Paragraph "39" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "39" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all those similarly-situated."

40. Defendant admits the allegations set forth in Paragraph "40" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all times relevant herein."

41. Defendant denies the allegations set forth in Paragraph "41" of the Complaint.

## AS AND FOR "Relief Demanded"

42. Defendant denies the allegations set forth in Paragraph "42" of the Complaint.

## AS AND FOR "A SECOND CAUSE OF ACTION NYLL 650 et Seq. and 12 NYCRR 142-2.2 (Unpaid Overtime)"

43. Defendant incorporates its specific responses to the allegations contained in Paragraphs "1" through "42." To the extent Paragraph "43" contains any factual allegations, Defendant denies each and every allegation therein.

44. Defendant denies the allegations set forth in Paragraph "44" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to Fed. R. Civ. P. 23, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "a class of persons."

45. Defendant denies the allegations set forth in Paragraph "45" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[t]he class of similarly situated individuals."

46. Defendant denies the allegations set forth in Paragraph "46" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[t]he class."

47. Defendant denies the allegations set forth in Paragraph "47" of the Complaint.

48. Defendant denies the allegations set forth in Paragraph "48" of the Complaint.

49. Defendant denies the allegations set forth in Paragraph "49" of the Complaint.

50. Defendant denies the allegations set forth in Paragraph "50" of the Complaint.

51. Defendant denies the allegations set forth in Paragraph "51" of the Complaint.

52. Defendant denies the allegations set forth in Paragraph "52" of the Complaint.

53. Defendant denies the allegations set forth in Paragraph "53" of the Complaint.

54. Paragraph "54" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations

set forth in Paragraph "54" of the Complaint, including the allegations set forth in Paragraph "54(a)."

55. Defendant denies the allegations set forth in Paragraph "55" of the Complaint.

56. Paragraph "56" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "56" of the Complaint, except admits that Plaintiff was employed by Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all those similarly situated as class members."

57. Defendant denies the allegations set forth in Paragraph "57" of the Complaint.

### AS AND FOR "Relief Demanded"

58. Defendant denies the allegations set forth in Paragraph "58" of the Complaint.

### AS AND FOR "A THIRD CAUSE OF ACTION NYLL 193, 198 (Unlawful deductions)"

59. Defendant incorporates its specific responses to the allegations contained in Paragraphs "1" through "58." To the extent Paragraph "59" contains any factual allegations, Defendant denies each and every allegation therein.

### AS AND FOR "CLASS ALLEGATIONS"

60. Defendant denies the allegations set forth in Paragraph "60" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to Fed. R. Civ. P. 23, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "a class of persons."

61. Defendant denies the allegations set forth in Paragraph "61" of the Complaint, except admits that Plaintiff purports to bring claims pursuant to the statute(s) set forth therein,

and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "[t]he class of similarly situated individuals."

62. Defendant denies the allegations set forth in Paragraph "62" of the Complaint.

63. Defendant denies the allegations set forth in Paragraph "63" of the Complaint.

64. Defendant denies the allegations set forth in Paragraph "64" of the Complaint.

65. Defendant denies the allegations set forth in Paragraph "65" of the Complaint.

66. Defendant denies the allegations set forth in Paragraph "66" of the Complaint.

67. Defendant denies the allegations set forth in Paragraph "67" of the Complaint.

68. Defendant denies the allegations set forth in Paragraph "68" of the Complaint.

69. Paragraph "69" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "69" of the Complaint, including the allegations set forth in Paragraph "69(b)."

70. Defendant denies the allegations set forth in Paragraph "70" of the Complaint.

71. Paragraph "71" of the Complaint sets forth a legal conclusion only, and therefore no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph "71" of the Complaint, except admits that Plaintiff was employed by Defendant, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding "all those similarly situated as class members."

72. Defendant denies the allegations set forth in Paragraph "72" of the Complaint.

### AS AND FOR "Relief Demanded"

73. Defendant denies the allegations set forth in Paragraph "73" of the Complaint.

### AS AND FOR "PRAYER FOR RELIEF"

74. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "74" of the Complaint.

75. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "75" of the Complaint.

76. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "76" of the Complaint.

77. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "77" of the Complaint.

78. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "78" of the Complaint.

79. Defendant denies that Plaintiffs are entitled to the judgment or relief set forth in Paragraph "79" of the Complaint.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have:

## AS A FOR A FIRST DEFENSE

80. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

81. Plaintiff failed to plead a prima facie case arising under the New York Labor Law ("NYLL") or the Fair Labor Standards Act ("FLSA"), as amended.

## AS AND FOR A THIRD DEFENSE

82. Plaintiff's claims are barred to the extent that Defendant's actions have been taken in good faith in conformity with and reliance upon established rulings, administrative regulations and interpretations and/or advice of counsel.

## AS AND FOR A FOURTH DEFENSE

83. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, or credits provided for in Sections 3, 7 and/or 13 of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 207 and 29 U.S.C. § 213 of the FLSA. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## AS AND FOR A FIFTH DEFENSE

84. Plaintiff's claims are barred in whole or in part to the extent that the work performed falls within exemptions, exclusions, exceptions, offsets or credits, including those provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the other allegedly similarly-situated persons.

## AS AND FOR A SIXTH DEFENSE

85. Plaintiff's claims and the claims of classes of persons Plaintiff purport to represent, the existence of which is expressly denied, are barred to the extent they seek damages beyond the applicable limitations periods.

## AS AND FOR A SEVENTH DEFENSE

86. Plaintiffs' claims and the claims of classes of persons Plaintiffs purport to represent, the existence of which is expressly denied, are barred in whole or in part, because Plaintiffs and the members of the purported class were properly classified as exempt under one or more exemptions, or combination of exemptions, under the New York Labor Law and the

applicable Wage Orders of the State of New York Department of Labor and/or any other applicable state law.

## AS AND FOR AN EIGHTH DEFENSE

87. Plaintiff cannot establish that any acts or omissions of Defendant were willful under the FLSA or willful or intentional under New York law or any other applicable state law. By reason of the foregoing, Plaintiffs and/or any other member of the classes Plaintiffs purport to represent are not entitled to liquidated damages under the FLSA, New York Labor Law, or any other applicable state law.

## AS AND FOR A NINTH DEFENSE

88. Plaintiff's claims and the claims of classes of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred because Plaintiff was paid all wages due under federal and state law.

## AS AND FOR A TENTH DEFENSE

89. Plaintiff's claims and the claims of the classes of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

## AS AND FOR AN ELEVENTH DEFENSE

90. Plaintiff's claims and the claims of the classes of persons Plaintiff purports to represent, the existence of which is expressly denied, are barred to the extent some or all of the disputed time for which Plaintiff seeks recovery of wages was spent engaged in activities which were not compensable work under the FLSA, New York Labor Law and other applicable state laws and were not an integral and indispensable part of their principal activities.

## AS AND FOR A TWELFTH DEFENSE

91. Plaintiff's claims are barred to the extent Plaintiff is not similarly situated to or an otherwise adequate representative of the persons whom he seeks to represent under the FLSA or New York law.

## AS AND FOR A THIRTEENTH DEFENSE

92. Because liability may be not determined by a single jury on a class-wide basis, allowing this action to proceed as a class or collective action would violate Defendant's rights under the Seventh Amendment.

## AS AND FOR A FOURTEENTH DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the *de minimis* doctrine.

## AS AND FOR A FIFTEENTH DEFENSE

94. Plaintiff's claims are barred, in whole or in part, by the doctrine(s) of laches, estoppel, waiver, and/or unclean hands.

## AS AND FOR A SIXTEENTH DEFENSE

95. Some or all of Plaintiff's claims are barred, in whole or in part, because Defendant's policy and/or practice does not violate New York Labor Law § 193.

## AS AND FOR A SEVENTEENTH DEFENSE

96. Some or all of Plaintiff's claims are barred, in whole or in part, because Plaintiff and the class of persons whom he seeks to represent were paid overtime in accordance with federal and state law at all relevant times.

## AS AND FOR AN EIGHTEENTH DEFENSE

97. Because Plaintiff's Complaint is phrased in vague and conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.

Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

>Respectfully submitted,
>
>JACKSON LEWIS LLP
>666 Third Avenue, 29th Floor
>New York, New York, 1001
>(212) 545-4000
>
>By: _____
>Felice B. Ekelman (FB 5692)
>Samantha Abeysekera (SA 8198)
>
>ATTORNEYS FOR DEFENDANT

Dated: December 10, 2012
      New York, New York

CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system and by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*SAbeysekera*
Samantha Abeysekera (SA 8198)