**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANGEL LOZADA, Individually and on behalf of all others similarly situated, | Case No.: 12 CIV 4827 ECF CASE |
| Plaintiff, | |
| -against- | |
| ISLAND MASTER LOCKSMITH, INC., | |
| Defendant. | |

## NEGOTIATED SETTLEMENT AGREEMENT

WHEREAS, Plaintiff Angel Lozada and Defendant Island Master Locksmith, Inc., desire to resolve, settle and agree to dismissal with prejudice of all claims and all issues raised in or by Plaintiff's Complaint, 12 CIV 4827 ("the Action"), without a request for costs or fees and without further litigation or adjudication;

WHEREAS, Plaintiff and Defendant (Plaintiff and Defendant are collectively referred to herein as "the Parties") understand and agree that Defendant (which includes, but is not limited to, any present or former parent corporation[s], subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, members, successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, representatives, employees, and employee benefit plans and programs and their administrators and fiduciaries thereof, who hereinafter are all collectively referred to throughout this Negotiated Settlement Agreement ("Agreement") as "Defendant"), denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, in any administrative charge and in any other document or statement whatsoever;

WHEREAS, the Parties understand and agree that neither the making of this Agreement nor anything contained herein, shall be construed or considered in any way to be an admission by Defendant of guilt or noncompliance with federal, state or local statute, order, regulation or ordinance, public policy, tort (whether intentional, negligent or otherwise), contract (whether oral or written, express or implied), common law, Defendant's policies, practices or procedures or of any other wrongdoing whatsoever; and

WHEREAS, this action shall be dismissed in its entirety and with prejudice by the Court, without a request for costs or fees, subject to the terms of this Agreement:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

1. **Plaintiffs' Commitments.** In exchange for the promises and timely payments made by Defendant in Paragraphs "2," "4," and "5" below, Plaintiff agrees as follows:

a) <u>Withdrawal of the Action.</u> Upon the full execution of this document, Plaintiff's counsel will provide Defendant's counsel with an executed Stipulation and Order of Dismissal appended hereto as Exhibit "A," and any other documents needed to settle, dismiss and withdraw, with prejudice, any and all complaints, suits, actions, charges, claims or proceedings against Defendant relative to any cause or matter existing as of the date of the execution of this Agreement. The Stipulation and Order of Dismissal shall thereafter be entered upon presentation thereof by Defendant or by any other entity to any court of competent jurisdiction or any agency or other forum upon any claim made by, relating to or in behalf of Plaintiff. In the event that, for any reason, any complaint, suit, action, charge, claim or proceeding relative to any cause or matter settled or waived pursuant to Paragraph "3" of this Agreement is not wholly and finally dismissed with prejudice: (i) Plaintiff authorizes Defendant

to take all actions needed to obtain dismissal thereof; and (ii) Plaintiff shall not obtain or accept any recovery or relief from any such proceeding;

        b) <u>Non-Participation in Other Claims</u>. Except to enforce the terms of this Agreement, Plaintiff shall not institute, be represented in or participate in any claim arising from Plaintiff's employment or termination therefrom up to and including the date of the execution of the instant Agreement, and agrees not to accept any relief or recovery from or against Defendant for the same. In the event any class or collective action is brought against Defendant concerning a matter settled or waived pursuant to this Agreement, which includes or may include Plaintiff, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery upon Plaintiff's learning of Plaintiff's inclusion. Plaintiff agrees that if he does not withdraw from such action, Defendant reserves its right to file an action against Plaintiff alleging breach of this Agreement. Nothing stated in this Agreement bars Plaintiff from participating in any proceeding by or before any governmental agency to the extent permitted by law, but Plaintiff cannot recover any relief or other remedy from that or any other proceeding related to any cause or matter settled or waived pursuant to Paragraph "1(d)" of this Agreement.

        c) <u>No Further Employment</u>. Plaintiff, who is no longer employed by Defendant, hereby waives any right that he may have to return to his former employment and/or to apply for employment at any time with Defendant or any other current or future entities owned in whole or in part by Defendant.

        d) <u>General Release of Claims.</u> In consideration of the timely payment made pursuant to this Agreement, Plaintiff knowingly and voluntarily release and forever discharge Defendant, its present or former parent corporation[s], subsidiaries, divisions, affiliated entities, acquiring entities, purchasers of assets or stock, investors, joint ventures, shareholders, members,

successors, counsel, assigns, administrators, executors, owners, officers, partners, directors, agents, representatives, employees, and employee benefit plans and programs and their administrators and fiduciaries thereof of and from any and all claims arising up to and as of the date of this Agreement, both known and unknown, which Plaintiff has or may have against Defendant, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.S.C. §201 et seq.; Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, Pub. L. No. 102-166, Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; the Equal Pay Act of 1963, 29 U.S.C. § 206(d); the Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq.; the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; the Consolidated Omnibus Budget Reconciliation Act of 1985, I.R.C. § 4980B; the Immigration Reform and Control Act, as amended; the Workers Adjustment Retraining Notification Act, as amended; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 et seq.; the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York Civil Rights Law, New York Civil Rights Law § 1 et seq.; Articles 6 and 19 of the New York Labor Law, New York Labor Law § 190 et seq.; New York Labor Law §§ 650 et seq., including Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act; the New York Whistleblower Law, New York Labor Law § 740 et seq.; the New

York Legal Activities Law; New York Labor Law § 201-d; New York Labor Law § 195; the New York occupational safety and health laws; the New York Fair Credit Reporting Act; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for employment discrimination, retaliation, wrongful termination, constructive discharge, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Defendant, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

e) Other claims.  Plaintiff also confirms that, as of the date of execution hereof, he has not contacted any department or agency regarding any potential or alleged violations of any law, rule or regulation by Defendant.

f) Confidentiality.  Plaintiff agrees to keep the terms of this Agreement confidential, including but not limited to online disclosures (including but not limited to Facebook, MySpace, Twitter, LinkedIn, or any other social or professional networking site or blog), any term of this Agreement, except as compelled by law, a court or government entity, or for reasonable business and personal needs including but not limited to situations involving public benefits, financial aid, bank loans, credit worthiness, tax preparation, or legal assistance. Plaintiff also confirms that, as of the date of execution hereof, he has not contacted any department or agency regarding any potential or alleged violations of any law, rule or regulation by Defendant.

2. **Consideration.** In exchange for the promises made by Plaintiff in Paragraph "1" above, Defendant agrees to pay Plaintiff the total sum of Twenty-Five Thousand Dollars and No Cents ($25,000.00), within ten (10) days following the date on which the Court enters the Stipulation and Order of Dismissal appended hereto as Exhibit "A," as follows:

a) One check made payable to "Angel Lozada" for Seven Thousand Dollars and No Cents ($7,000.00), less lawful deductions, for alleged back wages;

b) One check made payable to "Angel Lozada" for Seven Thousand Dollars and No Cents ($7,000.00) for alleged liquidated damages;

c) One check made payable to "Abdul K. Hassan, Esq. as attorney for Angel Lozada" for Nine Thousand Dollars and No Cents ($9,000.00) for legal fees, costs, and disbursements, for which Abdul K. Hassan, Esq. shall provide Defendant's counsel with a Form W-9; and

d) One check made payable to "Abdul K. Hassan, Esq. as attorney for Angel Lozada" for Two Thousand Dollars and No Cents ($2,000.00) for legal fees, costs, and disbursements, for which Abdul K. Hassan, Esq. shall provide Defendant's counsel with a Form W-9.

3. **Tax Indemnification.** After the end of calendar year 2013, Defendant will issue an Internal Revenue Service ("IRS") form W-2 to Plaintiff which reflects the settlement sum set forth in Paragraph "2(a)" above. Further, after the end of calendar year 2013, Defendant will issue an IRS form 1099 to Plaintiff which reflects the settlement sums set forth in Paragraphs "2(b)," "2(c)," and "2(d)" above, as well as an IRS form 1099 Abdul K. Hassan, Esq. (reported in Box 14) (tax identification no. _____) which reflects the settlement sums set forth in Paragraphs "2(c)" and "2(d)" above. Plaintiff shall be solely responsible for the

payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraph "2" above. Plaintiff further agrees to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph "2" above. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

**4.** Defendant and the principals, officers, and directors of Island Master Locksmith agree to voluntarily release and forever discharge Plaintiff of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which they may have against Plaintiff as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted.

**5.** Defendant and the principals, officers, and directors of Island Master Locksmith agree to keep the terms of this Agreement confidential, except as compelled by law, a court or government entity, or for reasonable business and personal needs.

**6.** **Payments from Profit-Sharing Plan Administrator.** Plaintiff further agrees that he was entitled to receive monies due to him pursuant to the Island Master Locksmith Inc. Profit Sharing Plan ("the Plan"), provided that he completed and delivered all requisite documents to the Plan Administrator. Under the Plan, Plaintiff agrees that he was entitled to Thirteen Thousand Dollars and No Cents ($13,000.00), which he acknowledges he has already received in its entirety. Plaintiff acknowledges and agrees that apart from the amount referenced

herein, he is due no further monies pursuant to the Plan. Plaintiff hereby affirms that he fully understand that this Agreement settles, bars and waives any and all claims that Plaintiff could possibly have against Defendant, the Plan, the Plan Administrator, and/or any other Plan administrators or fiduciaries under the Employee Retirement Income Security Act and/or any other federal, state, or local laws and/or related to his entitlement to any further profit-sharing amounts or monies through the date of the execution of this Agreement.

7. **No Other Entitlement.**

a)  Plaintiff affirms that, following his receipt of the consideration set forth in Paragraph "2," he has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, and/or benefits to which he may be entitled under federal, state, or other laws and that no other leave (paid or unpaid), compensation, wages, bonuses, and/or benefits are due to him, except as provided in this Agreement;

b)  Plaintiff has neither filed nor caused to be filed any claim against Defendant in any forum, including the state or federal Department of Labor and any local, state, or federal entity related to immigration, except the instant lawsuit;

c)  Plaintiff furthermore affirms that he has no known workplace injuries or occupational diseases for which a claim for workers' compensation benefits could be made or an award of benefits could be issued and has not been denied any leave requested, whether paid or unpaid, under the Family and Medical Leave Act, or any other law.

8. **Execution.**    The terms of this Agreement are the product of mutual negotiation and compromise between the Parties. The Agreement is to be construed as if the Parties had drafted it jointly, as opposed to being construed against a party because it was responsible for drafting one or more provisions of this Agreement. Plaintiff is represented by

counsel of his choosing and certifies that he is satisfied with the advice and services of his counsel, Abdul K. Hassan, Esq. The meaning, effect and terms of this Settlement have been fully explained to Plaintiff by his counsel, Abdul K. Hassan, Esq. Plaintiff hereby affirms that he fully understands that this Agreement settles, bars and waives any and all claims that Plaintiff could possibly have against Defendant under the Fair Labor Standards Act, New York Labor Law, the Employee Retirement Income Security Act, and all other federal, state, and local laws through the date of the execution of this Agreement.

9. **Non-Admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed, at any time or for any purpose, as an admission by Defendant of any liability or unlawful conduct of any kind.

10. **Severability and Modification.** Should any provision of this Agreement or the attachments hereto be declared illegal or unenforceable by any court, administrative agency or other entity, and should such provision not be susceptible to interpretation or modification to be enforceable (which the Parties authorize said court, administrative agency or other entity to do), such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the general release contained herein were limited or held to be null and void, Plaintiffs shall execute additional or supplemental general release agreements waiving any and all claims that they may have.

11. **Section Headings.** Section headings are used herein for convenience of reference only and do not affect the meaning of any provision of this Agreement.

12. **Entire Agreement.** This Agreement (which incorporates as covenants the representations and clauses in the introductory "Whereas" clause), and includes the terms of the

Stipulation and Order of Dismissal attached hereto as Exhibit "A," which are expressly incorporated herein, represents the complete understanding between the Parties and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full and general release of all actual or potential claims, whether known or unknown. No other promises or agreements shall be binding or shall modify this Agreement. This Agreement can be modified only by a written document, signed by the Parties or their legally designated representative, which recites the specific intent to modify this Agreement or as provided in Paragraph "8" above.

13. **Capability to Waive Claims.** Plaintiff expressly represents that Plaintiff is able to effect a knowing and voluntary waiver and general release of claims, as set forth in Paragraph "1" herein, and to enter into this Agreement and are not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement and to waive any claims settled or waived pursuant to this Agreement. Plaintiff certifies that he is not a party to any bankruptcy or other proceeding which would impair his right to settle this case and to waive all claims he may have against Defendant.

14. **Procedure.** After the Negotiated Settlement Agreement and the Stipulation and Order of Dismissal attached hereto as Exhibit "A" are fully-executed by the Parties and their counsel, and the expiration of the seven (7) day revocation period set forth herein, the Parties will jointly submit the Stipulation and Order of Dismissal attached hereto as Exhibit "A" to the Court for its consideration and approval.

15. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.

PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY, ABDUL K. HASSAN, ESQ., PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.

PLAINTIFF MAY REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO SAMANTHA ABEYSEKERA, ESQ., JACKSON LEWIS LLP, 666 THIRD AVENUE, NEW YORK, NEW YORK 10017, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO MS. ABEYSEKERA OR HER DESIGNEE, OR MAILED TO MS. ABEYSEKERA AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFF SIGNS THIS AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD. HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ABDUL K. HASSAN, ESQ., ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

ISLAND MASTER LOCKSMITH, INC.
55 Marine Street
Farmingdale, New York 11735

By: _Marc Seidenberg_   Date: 6/26/2013
    Marc Seidenberg

By: X _Angel Lozada_   Date: X 6-6-13
    Angel Lozada